**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

SILAS SWOPES,

      Defendant - Appellant.

No. 08-3257

(D. Kansas)

(D.C. No. 2:08-CR-20035-KHV-2)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Silas Swopes pleaded guilty to one count of possession with intent to distribute 100 grams or more of heroin within 1000 feet of a school, in violation of 21 U.S.C. §§ 841 and 860, and one count of distribution of heroin within 1000

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

feet of a school, also in violation of 21 U.S.C. §§ 841 and 860. The district court sentenced Swopes to a term of imprisonment of 262 months, a sentence at the bottom of the range set out in the advisory Sentencing Guidelines. On appeal, Swopes argues, *inter alia*, that his sentence is procedurally unreasonable because the district court applied a presumption of reasonableness to the advisory Sentencing Guidelines and did not adequately consider the statutory sentencing factors set out in 18 U.S.C. § 3553(a). In an exhibition of admirable candor, the United States concedes the sentence imposed by the district court is procedurally unreasonable and recognizes the district court's procedural errors are not harmless.

Upon an independent review, we agree that the district court's sentence is procedurally unreasonable. *See United States v. Resendiz-Patino*, 420 F.3d 1177, 1182 (10th Cir. 2005) (noting this court is not bound by a party's concession of error). In particular, in a post-judgment document, the district court specifically stated it had committed "clear error" by affording a presumption of correctness to the advisory Guidelines range and by failing to adequately consider the sentencing factors set out in § 3553. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007) (holding that while appellate courts are entitled to presume a within-Guidelines sentence is reasonable, a district court may not presume the Guidelines range is reasonable, but must instead "make an individualized assessment based on the facts presented"); *id.* at 591 (describing the failure to consider the § 3553

factors as a "significant procedural error").  Because the district court committed

procedural error, and because the government concedes that error is not

harmless,[1] we **REMAND** this matter to the district court to vacate Swopes's

sentence and resentence him in a manner consistent with this opinion.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[1]*United States v. Kaufman*, 546 F.3d 1242, 1270 (10th Cir. 2008) (holding that the "burden of proving harmlessness is on the beneficiary of the error").